LAW LIBRARY

NO. 30197

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee
v.
JASON CLEMMER, Defendant-Appellant



APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1416)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Jason Clemmer (Clemmer) appeals from the Judgment of Conviction and Sentence filed on October 27, 2009 in the Circuit Court of the First Circuit (circuit court).[1] Clemmer was convicted of Robbery in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 708-841 (Supp. 2009).

On appeal, Clemmer claims there was insufficient evidence to convict him of Robbery in the Second Degree "where force was only employed after the theft was completed and not during 'flight' after a theft." Clemmer argues that the force he used against a loss prevention officer "took place well after the theft had ceased."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Clemmer's point of error as follows:

---

[1] The Honorable Michael A. Town presided.

HRS § 708-841 provides, in relevant part:

> **Robbery in the second degree.**  (1) A person commits the offense of robbery in the second degree if, <u>in the course of committing theft</u> or non-consensual taking of a motor vehicle:
>
> > (a)  The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance;
> >
> > (b)  The person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property; or
> >
> > (c)  The person recklessly inflicts serious bodily injury upon another.

(Emphasis added).  HRS § 708-842 (Supp. 2009) further clarifies that:

> **Robbery; "in the course of committing a theft".**  An act shall be deemed "in the course of committing a theft or non-consensual taking of a motor vehicle" if it occurs in an attempt to commit theft or non-consensual taking of a motor vehicle, in the commission of theft or non-consensual taking of a motor vehicle, <u>or in the flight after the attempt or commission</u>.

(Emphasis added).

As discussed in <u>State v. Arlt</u>, 9 Haw. App. 263, 272, 833 P.2d 902, 907 (1992), "[t]he legislature thus clearly intended that in Hawaii, a robbery conviction may be predicated on the use or threatened use of force or violence to retain possession of stolen property during the flight after the theft." Moreover, as discussed in <u>Arlt</u>, the commentary to HRS § 708-842 states, in pertinent part:

> This provision is unusual only insofar as it makes classification of robbery depend in part on behavior after the theft might be said to have been accomplished. The thief's willingness to use force against those who would restrain him in flight strongly suggests that he would have employed it to effect the theft had there been need for it. <u>No rule-of-thumb is proposed to delimit the time and space of "flight," which should be interpreted in accordance with the rationale. The concept of "fresh pursuit" will be</u>

> helpful in suggesting realistic bounds between the occasion
> of the theft and a later occasion when the escaped thief is
> apprehended.

(Emphasis added).

In Arlt, this court vacated a First Degree Robbery conviction because there was insufficient evidence to show the defendant was "in the course of committing a theft" when he struck a store owner. Id. at 274, 833 P.2d at 908. Clemmer's reliance on Arlt, however, is misplaced because the evidence in this case is far different than in Arlt. In Arlt, the evidence was undisputed that after the defendant fled a store with a stolen tequila bottle without using force, he returned to where the store owner was located and was in the process of returning the bottle to the store owner when the alleged force occurred.[2] Id. at 272-73, 833 P.2d at 907.

In the instant case, Clemmer does not dispute that he took tubes of toothpaste from the Pali Safeway store and exited the store. Witness accounts varied as to what occurred next, but when the evidence adduced at trial is taken in the light most favorable to the prosecution, there was substantial evidence to support Clemmer's conviction for Robbery in the Second Degree. Three witnesses at trial testified about the events after Clemmer

---

[2]  In Arlt, as the defendant was handing the tequila bottle to the store owner, the owner angrily extended his hand to receive the bottle and the defendant thought the owner was going to hit him. The defendant claimed he swung the bottle to deflect the owner's arm, but when the owner ducked the bottle struck the owner's head. Id. at 266, 833 P.2d at 904.

exited the Safeway store – loss prevention officer Justin Unutoa (Unutoa), loss prevention officer Aiaga Jennings (Jennings), and Clemmer. Although there was conflicting testimony, the circuit court deemed the testimony of Unutoa as credible.

Based on Unutoa's testimony, a person of reasonable caution could conclude that Clemmer was still in flight after committing the theft of goods from the store because after Clemmer exited Safeway, Unutoa followed as Clemmer walked down Kukui Street and Unutoa ultimately approached Clemmer in front of Hosoi Mortuary, about a block or so from Safeway and about four or five minutes later. Unutoa testified he did not approach Clemmer prior to that time because he was scared of Clemmer's size and tattoos and was trying to figure out how he would stop Clemmer. Upon approaching Clemmer, Unutoa announced who he was, showed his badge and told Clemmer to return to the store. Clemmer stated he did not want to return to the store and, because it appeared to Unutoa that Clemmer was about to attempt to run, Unutoa gripped the back of Clemmer's waistband. Clemmer then turned around and punched Unutoa in the chest.

Based on Unutoa's testimony, there was substantial evidence that Clemmer used force in the course of committing the theft, i.e. during flight, by punching Unutoa after Unutoa confronted him and was seeking to have Clemmer return to the store. The circuit court found Unutoa's testimony credible and

it was "of sufficient quality and probative value" to support the circuit court's conclusion.  State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) (quoting State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992)).

Therefore, based on the foregoing, the Judgment of Conviction and Sentence filed on October 27, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, September 9, 2010.

On the briefs:

William M. Domingo
(The Law Office of William M. Domingo)
for Defendant-Appellant

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

5